UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| VINCENT GREGORY CLARK | ) | CASE NO.  08-00886-8-ATS |
| SS#: xxx-xx-9905 | ) | |
| Mailing Address: | ) | |
|     1324 Indiancamp Road | ) | |
|     Clayton, NC 27520 | ) | |
| | ) | |
|     Debtor. | ) | CHAPTER 13 |
| _____ | ) | |
| | ) | |
| VINCENT GREGORY CLARK, | ) | ADVERSARY PROCEEDING NO.: |
| | ) | 09-00022-8-ATS |
|     Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| ECAST SETTLEMENT CORP.  and | ) | |
| HSBC BANK NEVADA, N.A., | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |

**CONSENT JUDGMENT**

THIS MATTER comes to be heard upon the Complaint filed by the plaintiff on January 21, 2009; the Motion to Dismiss Complaint and Answer filed by the defendant on February 19, 2009; and upon the consent of the parties, as evidenced by the signatures of their respective counsel below; and

IT APPEARING to the court that the parties have reached an agreement as to the settlement of this issues between them, the terms and conditions of such agreement being set forth herein below; and

IT FURTHER APPEARING to the court that parties' agreement is reasonable, and that it therefore should be approved; now, therefore

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      That the claim of defendant in the plaintiff's underlying chapter 13 case (08-00886-8-ATS) shall be treated as a **general unsecured claim**, and on such claim defendant shall receive a *pro rata* share along with other allowed general unsecured claims in such case;

2.      That, in the event the plaintiff should complete the payments into the plan in such underlying chapter 13 case, then upon the entry of plaintiff's Discharge, the defendant shall have 30 days to release any lien it claims against that certain 2006 Honda CBR motorcycle (hereinafter "said motorcycle"), owned by the plaintiff and which was the subject of plaintiff's Complaint herein;

3.      That in the event that plaintiff does not obtain a Discharge in the underlying chapter 13 case, then in such event defendant shall not be required to release any lien it claims against said motorcycle, but shall retain any rights and remedies it may have had against the plaintiff and said motorcycle had no such underlying chapter 13 case been filed;

4.      Plaintiff agrees to notify defendant in writing immediately upon receipt of plaintiff's Discharge or upon receipt of an Order denying plaintiff's Discharge or dismissing plaintiff's Petition and agrees to provide such notice to the following:

> Donna L. Marks
> Associate General Counsel
> 26525 N. Riverwoods Blvd.
> Mettawa, IL 60045

with a copy to:

> Donald R. Pocock
> Nelson Mullins Riley & Scarborough LLP
> 380 Knollwood, Suite 530
> Winston-Salem, NC 27103

5.      That each party shall bear its own costs incurred in connection with this matter;

6.       That this court shall retain jurisdiction over the parties and this matter to the extent necessary to ensure compliance with this Consent Judgment; and

7.       That this Adversary Proceeding be, and the same hereby is, DISMISSED.

WE CONSENT:

 s./ Joseph A. Bledsoe, III

Joseph A. Bledsoe, III
Attorney for Plaintiff
Orcutt, Bledsoe & Boltz, LLP
6616-203 Six Forks Road
Raleigh, NC 27615
(919) 847-9750
Fax: (919) 847-3439
NC State Bar No.: 19817


 s./ Donald R. Pocock

Donald R. Pocock
Attorney for Defendants
Nelson Mullins Riley & Scarborough, L.L.P.
380 Knollwood Street, Ste. 530
Winston-Salem, NC 27103
Telephone: (336) 774-3333
Fax: (336) 774-3299
NC State Bar No.: 29393

End of Document